**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HEALTH PLUS CHIROPRACTIC, INC.,**

**Plaintiff,**

-vs-                                                    **Case No.  6:11-cv-560-Orl-31DAB**

**UNITED STATES OF AMERICA,**

**Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS COMPLAINT TO QUASH SUMMONS, MOTION TO DISMISS FOR LACK OF JURISDICTION (Doc. No. 3)** |
| **FILED:** | **March 1, 2011** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

| | |
|---|---|
| **MOTION:** | **MOTION TO EXTEND TIME TO EFFECTUATE SERVICE (Doc. No. 5)** |
| **FILED:** | **March 22, 2011** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED, as moot**.

This case has followed a rather complex procedural background.  The case began in another docket as a civil case, assigned to District Judge Fawsett and Magistrate Judge Spaulding.  *See* Case No. 6:10-cv-1891-ORL-19KRS (herein "the 1891 case").  In that docket, on December 20, 2010, Plaintiff Health Plus Chiropractic, Inc. ("Health Plus") filed the instant Complaint against the United States of America, seeking to quash a summons issued by the Internal Revenue Service to JP Morgan Chase Bank ("Chase") for documents pertaining to an account number in the name of Health Plus, among other documents (Doc. No. 1).  Upon review on December 29, 2010, Magistrate Judge Spaulding determined that the matter was properly categorized as a miscellaneous case to quash a summons rather than as a civil case, and directed the Clerk to file the Complaint to Quash IRS Third Party Summons in a miscellaneous case, direct assign the case to the same presiding judges (Judges Fawsett and Spaulding), and close the 1891 case (Doc. No. 2).  Judge Spaulding noted:  "After proof of service of the complaint on the United States is filed, Health Plus may file a motion to quash the summons and for the other relief requested in the complaint."  *Id.*  No summons for the Complaint was issued in the 1891 case.

The case was thereafter opened in a miscellaneous docket, as Case No. 6:10-mc-00146-PCF-KRS ("the 146 case").  Clerk's office staff notes show that no summons was requested by Plaintiff's counsel to be issued at the time of the transfer to the new docket.  The United States filed its Motion to Dismiss on March 1, 2011 (Doc. No. 3), noting, among other things, that it had not been served with process.  On March 22, 2011, summons was issued by the Clerk (Doc. No. 4).  Also on March 22, 2011, Plaintiff's counsel filed a response to the motion to dismiss and moved to extend time to effectuate service (Doc. No. 5), noting confusion regarding the transfer. On March 25, 2011, Judge Spaulding filed an Order of Recusal (Doc. No. 6), and the magistrate designation was reassigned to

-2-

the undersigned. On March 29, 2011, Judge Fawsett filed an Order of Recusal, and the case was reassigned to Judge Presnell (Doc. Nos. 8 and 9). On April 4, 2011, Judge Presnell determined that the miscellaneous matter was now contested and should be assigned a civil case number (Doc. No. 10). The Clerk was directed to file the complaint as a new civil case and directly assign the currently presiding district and magistrate judges. *Id.* The Clerk transferred the matter into the present civil case and the motions have been referred to the undersigned for review. For the reasons set forth below, it is **recommended** that the motion to dismiss be **granted.** The motion to extend time to serve a summons should be **denied, as moot.**

## Issues and Analysis

*Service of Process*

The motion to effectuate service seeks to extend time to serve the United States until April 10, 2011. The motion is unopposed, and cites, as support, an alleged lack of communication regarding the new case number. As April 10 has come and gone, with no filing of a proof service, the motion should be **denied, as moot.** On the merits, although the docket does not reflect that the government was served with process in this case, in view of the pending motion to dismiss which alleges a lack of jurisdiction, the Court treats this defect as waived for present purposes.

*Motion to Dismiss*

As set forth in the motion and the accompanying declaration of Revenue Officer Bonnie Ragghianti, the IRS issued a summons to Chase seeking documents in aid of collection of taxpayer Mirlourdes Beliard's outstanding federal tax liabilities. Health Plus is the employer of Mirlourdes Beliard, and the record owner of at least one of the Chase accounts–the account with number ending 2218 ("2218 account"). As acknowledged by Plaintiff in the Complaint, Ms. Beliard is "married to

the doctor who owns" Heath Plus. The Revenue Officer states that she has been assigned to collect

Ms. Beliard's "assessed but unpaid" income tax liabilities for tax years 2001, 2003, 2005 and 2006,

presently exceeding $1,835,452.80 (Doc. No. 3-1).   As part of that assignment, she issued a

"collection summons" for the records of all accounts held by Heath Plus at Chase, seeking "records

that may reveal information that will enable the IRS to collect" this outstanding amount from the

identified accounts and/or identify other potential sources of collection.  The Revenue Officer states:

> The information sought by the summons is relevant to my collection investigation
> because my investigation indicates that Health Plus may be the alter ego or nominee
> of Ms. Beliard. That investigation has uncovered information that contradicts her
> claim to be merely an employee of Health Plus, whose sole shareholder is her husband.
> I have received information indicating that funds from Health Plus' account at Chase
> which ends in 2218 have been expended directly for the benefit of Ms. Beliard. I have
> also received information that Ms. Beliard engages in significant work responsibilities
> at Health Plus which indicates that her interest in the business is more than that of an
> employee with a reported salary of $11 per hour. Consequently, the records related to
> the summoned accounts at Chase may shed light on whether the funds in these (or
> other) accounts belong to Ms. Beliard.

(Doc. No. 3-1 at p.3).

In its Complaint, Plaintiff seeks to quash the summons issued to Chase on the grounds that it

did not receive notice of the summons, pursuant to 26 U.S.C. § 7609. In the motion to dismiss, the

government does not dispute that Heath Plus did not receive notice, but contends that Plaintiff is not

entitled to notice, as this is a collection summons.  The government moves for dismissal, noting the

absence of subject matter jurisdiction over this type of challenge, and contending that the IRS

summons was properly issued on its merits.

The case presents in an unusual posture.  As set forth in the above history, Judge Spaulding

envisioned that Plaintiff would serve the Complaint and then file a motion to quash the summons.

Instead, the Complaint was apparently not served, and it is the United States that is moving for a

merits determination.  "Summons proceedings are meant to be summary in nature, and whether to hold an evidentiary hearing is left to the discretion of the district court." *Huffman v. United  States,* 2007 WL 4800643, 2 (S.D. Fla. 2007) (internal citation omitted).  Here, no one has sought an evidentiary hearing, the critical facts are not in dispute, and it appears that the record is as complete as the parties wish to make it.

As noted by the Government, a party cannot sue the United States unless Congress has expressly waived sovereign immunity.  *See Mutual Assurance v. United States*, 56 F.3d 1353, 1355 (11th Cir. 1995).  A petition  to quash an IRS summons [1] constitutes a suit against the United States and  the Court only has jurisdiction to hear it if sovereign immunity has been expressly waived by statute.  As explained by Judge Moody, in a case addressing the same argument:

> As a general rule, the Internal Revenue Code permits a District Court to entertain a motion to quash an Internal Revenue Summons served on a third-party record keeper. 26 U.S.C. §7609. The code permits a party *who is entitled to receive notice of the summons* to bring an action to quash the summons. 26 U.S.C. §7609(b)(2)(A). Generally, any person "who is identified in the summons" is entitled to notice of the summons. 26 U.S.C.§7609(a)(1).

> The United States argues that because the summons at issue in this case was issued in aid of the collection of an assessment against Sunshine, the exception to the notice requirement as stated in 26 U.S.C. §7609(c)(2)(D)(i) applies and, thus, Petitioners lack standing to move to quash the summons. Section 7609(c)(2)(D)(i) states that the provision granting the right to bring an action to quash the summons "shall not apply to any summons . . . issued in aid of the collection of . . . an assessment made or judgment rendered *against the person with respect to whose liability the summons is issued.*" 26 U.S.C. §7609(c)(2)(D)(i).

*Sunshine Behavioral Health Services, Inc., v. United States*, Case No. 8:08-mc-00134-JSM-EAJ, 2009 WL 1850310 (M.D. Fla. June 26, 2009) (emphasis in original).

---

[1]The Court agrees with the Government that the instant Complaint should, in fact, be a Petition.  In view of the tumultuous history of the case to date, however, the Court recommends leaving well enough alone.

The Government argues that the collections summons exception to the notice requirement is not limited to the taxpayer that the IRS is investigating but rather applies to third-parties whose tax liabilities are not at issue. "As long as a summons seeks information for the purpose of assisting in the collection of a taxpayer's assessed liabilities, Congress has said that no party is entitled to notice of the summons." (Doc. No. 3 at p. 6).  As the instant summons meets this requirement (according to the motion), the United States contends that Heath Plus is not entitled to notice, and therefore, is not entitled to bring a motion/petition to quash the summons.  Several cases are cited for this position, included several within this district and circuit, *e.g., Atl. Ave. D.B. Financial/Legal Support Group v. United States*, 2009 WL 2810449 (S.D. Fla. June 30, 2009) ("the exemption has been interpreted broadly to mean that notice is not required if the summons is issued in aid of the collection of any person's tax liability")*; Caton v. United States*, No. 2:07-CV-51-FtM-34DNF, 2007 WL 1549434 (M.D. Fla. May 25, 2007); *United States v. Arnold*, No. 5:99-CV-161-OC-21GRJ, 2001 WL 933549 (M.D. Fla. July 5, 2001) ("Pursuant to 26 U.S.C. § 7609(c)(2) a district court does not have jurisdiction to quash a summons issued for the purpose of aiding in the collection of taxes"); *Kowalik v. Morris ,*No. 92-7209-CIV-MARCUS, 1993 WL 484949 (S.D. Fla. August 23, 1993).  The Court finds these cases to be persuasive.

In opposition to this position, Plaintiff cites no cases, but contends that "the bank records identified in the Summons is [sic] solely the accounts maintained by Plaintiff;" "the taxpayer who owes the taxes is not a signator on the account, and otherwise does not owe the account(s) in question" and "the records do not relate to the taxpayer who owes the taxes." (Doc. No. 5).  These

unsworn representations fail to persuade.  Although there is a minority view that reads the exemption narrowly,[2] the Court finds that under the circumstances of this case, the majority view applies.

In *Armijo v. United States*, 2010 WL 2342444, 4 (S.D. Fla. 2010), the Southern District faced a similar argument, on similar facts.  Rejecting the minority view, the Court explained:

> In those cases, there is no evidence of any legal or business relationship between the petitioning party and the assessed taxpayer. *See Ip*, 205 F.3d at 1176 (finding that bank account owner had no fiduciary or transferee relationship with assessed taxpayer, and she was thus entitled to notice of IRS summons); *Robertson*, 843 F.Supp. at 705 (noting bank account owner's affidavit stating that she had no legal or business relationship with the assessed taxpayers, nor did the assessed taxpayers hold any legal or equitable interest in the accounts or property sought in the IRS summons). Here, in contrast, bank account owner Armijo admits to being the employer of assessed taxpayer Divine. He further admits that his business paid her home mortgage payments for several months. Thus, unlike in *Ip* and *Robertson*, there is evidence of a legal or business relationship between Armijo and Divine.

2010 WL 2342444, 4, *recommendation adopted in Armijo v. United States,* 2010 WL 2293109 (S.D. Fla. 2010).  As here, there is no dispute that Plaintiff employs the taxpayer, nor that the taxpayer is married to its sole shareholder.  While Plaintiff maintains that the taxpayer is not a signator on the account, an assertion the Court fully credits, Plaintiff does not dispute the declaration of the Revenue Officer that she has received information indicating that funds from Health Plus' account at Chase "have been expended directly for the benefit of Ms. Beliard."  As there is an admitted legal and business relationship between Ms. Beliard and Health Plus, the Court follows the majority of courts that literally interpret the § 7609(c)(2)(D)(i) notice exception and concludes that the IRS summons to Chase was issued in aid of the collection of Beliard's tax liability and the IRS was not required to

---

[2]*See, e.g., Robertson v. U.S.*, 843 F.Supp. 705 (S.D. Fla.1993); *Ip v. U.S.*, 205 F.3d 1168 (9th Cir.2000). This view holds that the notice exception applies only if the assessed taxpayer "has a recognizable interest in the records summoned." *Ip*, 205 F.3d at 1176 (citing *Robertson*, 843 F.Supp. at 706).

provide Health Plus with notice of the summons. Since it is not entitled to notice of the IRS summons, Health Plus has no right to petition the district court to quash the IRS summons under 26 U.S.C. § 7609(b), and the Court must therefore dismiss for lack of jurisdiction.  This conclusion moots the remaining arguments.

Based on the foregoing, this Court **respectfully recommends** that the District Court **grant** the Government's Motion to Dismiss and **DISMISS** the Complaint for lack of jurisdiction.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 18, 2011.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy